IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**ANTHONY YOUNG,**

    **Petitioner,**

**v.**                                                  **CIV ACTION NO. 1:18CV166**
                                                        **CRIM ACTION NO. 1:11CR51-2**
                                                        **(Judge Keeley)**

**UNITED STATES OF AMERICA,**

    **Respondent.**

**AMENDED[1] MEMORANDUM OPINION AND ORDER DENYING 28 U.S.C.
§ 2255 MOTION [DKT. NO. 9], DENYING AS MOOT MOTION
FOR BAIL [DKT. NO. 15], DENYING AS MOOT MOTION TO TAKE
JUDICIAL NOTICE [DKT. NO. 8], AND DISMISSING CASE WITH PREJUDICE**

Pending before the Court are several motions filed by the pro se petitioner, Anthony Young ("Young"). For the following reasons, the Court **DENIES** Young's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Dkt. No. 9)[2]; **DENIES as MOOT** his motions for judicial notice and bail (Dkt. Nos. 8, 15); and **DISMISSES** Civil Action Number 1:18CV166 **WITH PREJUDICE.**

## I. BACKGROUND

On October 4, 2011, a grand jury sitting in the Northern District of West Virginia named Young in three counts of a six-count superseding indictment related to the assault and death of Young's fellow inmate at United States Penitentiary Hazelton (Case

---

[1] A previous version of this Memorandum Opinion and Order contained typographical error on page 16.
[2] All docket numbers, unless otherwise noted, refer to Civil Action No. 1:18CV166

**YOUNG v. UNITED STATES**                               1:18CV166
                                                                                   1:11CR51-2

**AMENDED MEMORANDUM OPINION AND ORDER DENYING 28 U.S.C. § 2255 MOTION [DKT. NO. 9], DENYING AS MOOT MOTION FOR BAIL [DKT. NO. 15], DENYING AS MOOT MOTION TO TAKE JUDICIAL NOTICE [DKT. NO. 8], AND DISMISSING CASE WITH PREJUDICE**

No. 1:11CR51, Dkt. No. 144). The superseding indictment charged Young with three counts, including conspiracy to commit assault within a territorial jurisdiction of the United States, in violation of 18 U.S.C. § 371 (Count One); aiding and abetting assault resulting in serious bodily injury, in violation of 18 U.S.C. § 113(a)(6) (Count Two); and false statement and representation, in violation of 18 U.S.C. §§ 1001(a)(2) and 1001(a)(3) (Count Five). Id. On November 16, 2011, Young pleaded guilty to all three counts (Case No. 1:11CR51, Dkt. No. 144). On April 26, 2013, the Court sentenced him to 60 months of imprisonment on Count One, 120 months on imprisonment on Count Two, and 60 months of imprisonment on Count Five, all to be served concurrently (Case No. 1:11CR51, Dkt. No. 297).

Young did not appeal his convictions or sentence. Nevertheless, on August 24, 2018, he filed a § 2255 motion in which he primarily contended that, in light of the decision of the Supreme Court of the United States in Sessions v. Dimaya, 138 S. Ct. 1204 (2018), the Court erroneously sentenced him as a career offender (Dkt. Nos. 1, 5).

**YOUNG v. UNITED STATES**                                                              1:18CV166
                                                                                                                    1:11CR51-2

**AMENDED MEMORANDUM OPINION AND ORDER DENYING 28 U.S.C. § 2255 MOTION [DKT. NO. 9], DENYING AS MOOT MOTION FOR BAIL [DKT. NO. 15], DENYING AS MOOT MOTION TO TAKE JUDICIAL NOTICE [DKT. NO. 8], AND DISMISSING CASE WITH PREJUDICE**

Relevant to his motion, on November 18, 2005, in the United States District Court for the Eastern District of New York, Young pleaded guilty to committing violent crimes in aid of racketeering activity, in violation of 18 U.S.C. § 1959(a)(3) (Dkt. No. 8-1 at 2-3). Regarding this charge, Young

> for the purpose of maintaining and increasing [his] position in the Bloods, an enterprise engaged in racketeering activity, . . . did knowingly and intentionally aid, abet, counsel, command, induce, and procure the assault of an individual believed to be an MS-13 member with a dangerous weapon, to wit, a gun in violation of New York Penal Law Section 120.10.

Id. at 2. Pursuant to a binding plea agreement, he received a sentence of 84 months of imprisonment.[3] Id.

Although he did not appeal or collaterally attack this conviction or sentence, on August 13, 2018, Young filed a petition for a writ of error coram nobis in the Eastern District of New York, arguing, as he does here, that following Dimaya his conviction for assault in the first degree resulting in serious bodily injury in violation of New York Penal Law § 120.10 was based on an unconstitutionally vague statute and therefore no longer

---

[3] Young was serving this term of imprisonment at USP Hazelton when he committed the offenses of conviction in this case.

3

**YOUNG v. UNITED STATES**                                                  1:18CV166
                                                                                                                                           1:11CR51-2

**AMENDED MEMORANDUM OPINION AND ORDER DENYING 28 U.S.C. § 2255 MOTION [DKT. NO. 9], DENYING AS MOOT MOTION FOR BAIL [DKT. NO. 15], DENYING AS MOOT MOTION TO TAKE JUDICIAL NOTICE [DKT. NO. 8], AND DISMISSING CASE WITH PREJUDICE**

constituted a predicate crime for conspiracy to violate the RICO Act (Dkt. No. 8-1).

In a Memorandum and Order dated May 16, 2019, the Honorable Joanna Seybert, United States District Judge of the Eastern District of New York, denied Young's writ of error coram nobis, after concluding that the underlying proceeding was not fundamentally flawed. Id. at 8. Specifically, Judge Seybert determined that Young had neither been charged with nor pled guilty to any statutory provision incorporating the "crime of violence" definition found in 18 U.S.C. § 16(b), the so-called residual clause declared unconstitutional in Dimaya. Id. at 11–12.

Judge Seybert further explained that "the analysis of what qualifies as a crime of violence is inapplicable to the subsection of [Young's] guilty plea," because it did not require the commission of an underlying crime of violence. However, and relevant to Young's § 2255 motion in this case, Judge Seybert also found that, "even if [his] conviction required an underlying crime of violence, [New York Penal Law § 120.10, his statute of conviction,] qualifies as such, as it 'has [as] an element the

4

**YOUNG v. UNITED STATES**　　　　　　　　　　　　　　　　1:18CV166
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　1:11CR51-2

**AMENDED MEMORANDUM OPINION AND ORDER DENYING 28 U.S.C.
§ 2255 MOTION [DKT. NO. 9], DENYING AS MOOT MOTION
FOR BAIL [DKT. NO. 15], DENYING AS MOOT MOTION TO TAKE
JUDICIAL NOTICE [DKT. NO. 8], AND DISMISSING CASE WITH PREJUDICE**

use, attempted use, or threatened use of physical force.'" Id. at 11-12, 14.

Apparently misunderstanding Judge Seybert's Memorandum and Order to "affirm[] the fact that [his] career offender predicate, the 1959(a)(3) conviction is not and never was imposed as a 'crime of violence,'" on June 3, 2019, Young moved this Court to take judicial notice of certain adjudicative facts contained in that Order (Dkt. No. 8). Then, on June 10, 2019, he sought to amend his § 2255 motion to incorporate this same argument (Dkt. Nos. 8, 9). Pursuant to Federal Rule of Civil Procedure 15(a), the Court granted his motion to amend and advised Young that it would only consider the grounds raised in his amended motion (Dkt. No. 10). The Government opposed his § 2255 motion, to which Young replied (Dkt. Nos. 20, 21). Thereafter, Young also sought release on bail pending resolution of his § 2255 motion (Dkt. No. 15).

## II. STANDARDS OF REVIEW

**A.　Pro Se Pleadings**

The Court must liberally construe pro se pleadings. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Loe v. Armistead, 582 F.2d 1291, 1295 (4th Cir. 1978). A pro se petition is subject to

**YOUNG v. UNITED STATES**                                                           1:18CV166
                                                                                           1:11CR51-2

**AMENDED MEMORANDUM OPINION AND ORDER DENYING 28 U.S.C. § 2255 MOTION [DKT. NO. 9], DENYING AS MOOT MOTION FOR BAIL [DKT. NO. 15], DENYING AS MOOT MOTION TO TAKE JUDICIAL NOTICE [DKT. NO. 8], AND DISMISSING CASE WITH PREJUDICE**

dismissal, however, if the Court cannot reasonably read the pleadings to state a valid claim on which the petitioner could prevail. Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct the petitioner's legal arguments for him, nor should it "conjure up questions never squarely presented." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

**B.**    **28 U.S.C. § 2255**

     28 U.S.C. § 2255(a) permits federal prisoners who are in custody to assert the right to be released if "the sentence was imposed in violation of the Constitution or laws of the United States," if "the court was without jurisdiction to impose such sentence," or if "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." A petitioner bears the burden of proving any of these grounds by a preponderance of the evidence. See Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958).

### III. DISCUSSION

**A.**    **Section 2255 Motion**

     Young challenges his sentence on two grounds. First, he argues that the Court improperly sentenced him as a career offender.

**YOUNG v. UNITED STATES**                                          1:18CV166
                                                                    1:11CR51-2
**AMENDED MEMORANDUM OPINION AND ORDER DENYING 28 U.S.C.
§ 2255 MOTION [DKT. NO. 9], DENYING AS MOOT MOTION
FOR BAIL [DKT. NO. 15], DENYING AS MOOT MOTION TO TAKE
JUDICIAL NOTICE [DKT. NO. 8], AND DISMISSING CASE WITH PREJUDICE**

Second, he contends the Court improperly calculated his sentence using the 2011 Federal Sentencing Guidelines Manual rather than the 2005 manual (Dkt. No. 9 at 5-8). Both arguments lack merit.

    1.   **The Court did not sentence Young as a career offender**.

Young contends the Court erroneously sentenced him as a career offender because, in light of Dimaya, his instant convictions and prior felony convictions are not crimes of violence. Id. at 5. As the Government points out, however, this argument "is based on Young's fundamental misconception that he was sentenced as a career offender" (Dkt. No. 20 at 1).

Young's applicable offense level under Chapters Two and Three of the guidelines exceeded his offense level as a career offender under Chapter Four of the guidelines. Moreover, Young's criminal history category was a VI, regardless of whether he was deemed a career offender. The Court, therefore, sentenced him using the applicable guideline range under Chapters Two and Three without reference to any Chapter Four enhancement. Thus, resentencing him without a career offender designation would have no impact on his current sentence.

**YOUNG v. UNITED STATES**                                                   **1:18CV166**
                                                                                                 **1:11CR51-2**

**AMENDED MEMORANDUM OPINION AND ORDER DENYING 28 U.S.C. § 2255 MOTION [DKT. NO. 9], DENYING AS MOOT MOTION FOR BAIL [DKT. NO. 15], DENYING AS MOOT MOTION TO TAKE JUDICIAL NOTICE [DKT. NO. 8], AND DISMISSING CASE WITH PREJUDICE**

When calculating Young's guideline range in his Presentence Report ("PSR"), pursuant to U.S.S.G §§ 2X1.1(a) and 3D1.2(a), the probation officer grouped Count One (conspiracy to commit assault) and Count Two (aiding and abetting assault resulting in serious bodily injury) because they involved the same harm (1:11CR51, Dkt. No. 299 at 6–8). The applicable guideline for this grouping was U.S.S.G. § 2A2.2, which provides a base offense level of fourteen (14). Id. That base level then was enhanced based on the application of the following offense specific characteristics found in U.S.S.G. §§ 2A2.2(b)(2) and 2A2.2(b)(3)(C): (a) a four-level increase because a dangerous weapon was used in the offense; and (b) a six-level increase because the victim sustained permanent or life-threatening bodily injury.[4] Id. at 10-11. Under Chapter Two of the guidelines, Young's adjusted offense level was a level twenty-four (24). Id.

---

[4] Notably, although U.S.S.G. § 2A2.2(b)(3)(C) provides that seven (7) levels should be added to a defendant's base offense level if the victim sustained permanent or life-threatening bodily injury. cumulative adjustments from any specific offense characteristics in U.S.S.G. § 2A2.2(b)(2)-(3) cannot exceed ten (10) levels. Thus, only six (6) levels were added to Young's base offense level even though the victim sustained life-threatening injuries.

8

**YOUNG v. UNITED STATES**  1:18CV166
 1:11CR51-2
**AMENDED MEMORANDUM OPINION AND ORDER DENYING 28 U.S.C. § 2255 MOTION [DKT. NO. 9], DENYING AS MOOT MOTION FOR BAIL [DKT. NO. 15], DENYING AS MOOT MOTION TO TAKE JUDICIAL NOTICE [DKT. NO. 8], AND DISMISSING CASE WITH PREJUDICE**

Chapter Three of the guidelines also impacted Young's offense level. Pursuant to U.S.S.G. §§ 3C1.1 and 3A1.3, two (2) levels were added because he provided a materially false statement to law enforcement, and two (2) more levels were added because his victim was restrained. Pursuant to U.S.S.G. § 3E1.1(a)-(b), his offense level then was reduced by three (3) levels based on his acceptance of responsibility. Id. Young's total offense level therefore was a level twenty-five (25). Based on his nineteen (19) criminal history points, his criminal history category was a VI, which yielded a guideline range of 110 to 137 months of imprisonment. Id. at 9-17, 25.

Also, based on his criminal history, the probation officer determined that Young met the definition of a career offender in U.S.S.G. § 4B1.1(b).[5] Id. at 6. This determination apparently

---

[5] U.S.S.G. § 4b1.1 provides:

> The defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

9

**YOUNG v. UNITED STATES**                                         1:18CV166
                                                                  1:11CR51-2
**AMENDED MEMORANDUM OPINION AND ORDER DENYING 28 U.S.C.
§ 2255 MOTION [DKT. NO. 9], DENYING AS MOOT MOTION
FOR BAIL [DKT. NO. 15], DENYING AS MOOT MOTION TO TAKE
JUDICIAL NOTICE [DKT. NO. 8], AND DISMISSING CASE WITH PREJUDICE**

drives Young's contention that his offense level was doubled under the career offender guideline. As a review of the record in his case amply demonstrates, however, he misapprehends the effect of that designation on his sentence.

Had the Court applied the career offender guideline in Young's case, his base offense level would have been a level twenty-four (24), and his criminal history category a VI. See U.S.S.G. § 4B1.1(b) (providing that, for an offense carrying a statutory maximum sentence of ten (10) years of imprisonment, the base offense level is a level twenty-four (24)). Consequently, his guideline range as a career offender would have been lower than the range established by Chapters Two and Three.

U.S.S.G. § 4B1.1(b) provides that "if the offense level for a career offender from the table in this subsection is greater than the offense level otherwise applicable, the offense level from the table in this subsection shall apply." Accordingly, the Court applied the higher offense level under Chapters Two and Three

---

The PSR determined that Young met these criteria because at least two of his prior convictions and Counts One and Two in this case were felony crimes of violence (1:11CR51, Dkt. No. 299 at 6).

**YOUNG v. UNITED STATES**                          **1:18CV166**
                                                                                                **1:11CR51-2**

**AMENDED MEMORANDUM OPINION AND ORDER DENYING 28 U.S.C. § 2255 MOTION [DKT. NO. 9], DENYING AS MOOT MOTION FOR BAIL [DKT. NO. 15], DENYING AS MOOT MOTION TO TAKE JUDICIAL NOTICE [DKT. NO. 8], AND DISMISSING CASE WITH PREJUDICE**

to calculate Young's guideline range. Thus, despite his contention otherwise, Young's career offender designation had no impact on his offense level, his criminal history category, his applicable guideline range, or his ultimate sentence.

At bottom, Young's argument that he was improperly sentenced as a career offender because his prior convictions were not crimes of violence misses the point since he was not sentenced under the career offender guideline. This fact was reiterated to Young throughout the sentencing process. Over the course of three sentencing hearings, the Court, counsel, and Young discussed the applicability of the various Chapter Two and Chapter Three guidelines, as well as their impact on his ultimate guideline calculation (Dkt. Nos. 20-1 at 12-21; 20-2 at 11-12, 17; 20-3 at 11-14). At no time did the Court state to Young that it was sentencing him as a career offender, or that his status as such would impact his guideline range or his sentence.

In point of fact, at Young's final sentencing hearing, when calculating the applicable offense level pursuant to Chapters Two and Three, the Court explicitly clarified to Young that "[t]here [we]re no Chapter Four enhancements," and confirmed that Young had

**YOUNG v. UNITED STATES** 1:18CV166
1:11CR51-2
**AMENDED MEMORANDUM OPINION AND ORDER DENYING 28 U.S.C. § 2255 MOTION [DKT. NO. 9], DENYING AS MOOT MOTION FOR BAIL [DKT. NO. 15], DENYING AS MOOT MOTION TO TAKE JUDICIAL NOTICE [DKT. NO. 8], AND DISMISSING CASE WITH PREJUDICE**

no questions about his guideline calculation (Dkt. No. 20-3 at 11-14). Ultimately, pursuant to the parties' suggestion, it sentenced him to 120 months of imprisonment, in the middle of his 110 to 137 month guideline range. Id. at 14-15.

To summarize, because Young's applicable guideline range under Chapters Two and Three exceeded the guideline range he would have faced as a career offender, he was not sentenced as a career offender. It is thus irrelevant whether his prior criminal convictions qualified as crimes of violence under U.S.S.G. § 4B1.1.

### 2. The Court did not violate the Ex Post Facto clause by utilizing the 2011 Federal Sentencing Guidelines Manual.

Young also contends that, at sentencing, the Court violated the Ex Post Facto Clause in Article 1, Section 9 of the United States Constitution by utilizing the 2011 Federal Sentencing Guidelines Manual rather than the 2005 manual in effect when he committed his offenses of conviction (Dkt. No. 9 at 7). Because there are no material differences between the 2011 and 2005 manuals, this argument fails.

"The Guidelines direct sentencing courts to use the manual in effect when the defendant is sentenced unless doing so would

**YOUNG v. UNITED STATES**                                            **1:18CV166**
                                                                                                                          **1:11CR51-2**

**AMENDED MEMORANDUM OPINION AND ORDER DENYING 28 U.S.C. § 2255 MOTION [DKT. NO. 9], DENYING AS MOOT MOTION FOR BAIL [DKT. NO. 15], DENYING AS MOOT MOTION TO TAKE JUDICIAL NOTICE [DKT. NO. 8], AND DISMISSING CASE WITH PREJUDICE**

violate the Ex Post Facto Clause of the Constitution." United States v. Espindola-Pineda, 756 F. App'x 285, 287 (4th Cir. 2018) (citing U.S.S.G. § 1B1.11(a)-(b)). In that event, the Guidelines instruct courts to apply the manual in effect on the date the offense of conviction was committed. U.S.S.G. § 1B1.11(b)(1). "The Ex Post Facto Clause forbids the government to enhance the measure of punishment by altering the substantive 'formula' used to calculate the applicable sentencing range." Peugh v. United States, 569 U.S. 530, 550 (2013) (citing California Dept. of Corrections v. Morales, 514 U.S. 499, 509 (1995)) (internal alterations omitted).

> Because of their central role in sentencing, changes made to the Sentencing Guidelines between when a crime was committed and when a defendant is sentenced can amount to an "ex post facto law" — specifically, "there is an ex post facto violation when a defendant is sentenced under Guidelines promulgated after he committed his criminal acts and the new version provides a higher applicable Guidelines sentencing range than the version in place at the time of the offense."

United States v. Abed, 2021 WL 2655324, at *4 (4th Cir. June 29, 2021) (citing Peugh, 569 U.S. at 533).

13

**YOUNG v. UNITED STATES**                                           1:18CV166
                                                                                                 1:11CR51-2

**AMENDED MEMORANDUM OPINION AND ORDER DENYING 28 U.S.C. § 2255 MOTION [DKT. NO. 9], DENYING AS MOOT MOTION FOR BAIL [DKT. NO. 15], DENYING AS MOOT MOTION TO TAKE JUDICIAL NOTICE [DKT. NO. 8], AND DISMISSING CASE WITH PREJUDICE**

When Young committed his offenses of conviction in October 2006, the 2005 manual was in effect. Shortly before his sentencing hearing, the United States Sentencing Commission released the 2013 manual (Case No. 1:11CR51, Dkt. No. 297). The parties agreed to use the 2011 manual, however, because the probation officer had relied on it when preparing the PSR and had found no "changes [between the 2011 and 2013 manuals] that would help [Young's] case in any regard" (Dkt. No. 20-3 at 11).

Guideline amendments leading to harsher sentences violate the Ex Post Facto clause, but that is not an issue in a case such as this because the guidelines in the 2005 and 2011 manuals are substantively identical. Compare U.S.S.G. §§ 2A2.2, 2X1.1(a), 3A1.3, 3B1.2, 3C1.1, 3D1.2(a), 3E1.1, 4B1.1. (U.S. Sentencing Comm'n 2005) with U.S.S.G. (U.S. Sentencing Comm'n 2011). Therefore, whether utilizing the 2005 or 2011 manual, Young's base offense level, offense specific characteristic adjustments, Chapter Three enhancements, and ultimate guideline range are the same, and, thus, no violation of the Ex Post Facto clause occurred.

**B. Motion to Take Judicial Notice**

14

**YOUNG v. UNITED STATES**                                                     1:18CV166
                                                                               1:11CR51-2
**AMENDED MEMORANDUM OPINION AND ORDER DENYING 28 U.S.C.
§ 2255 MOTION [DKT. NO. 9], DENYING AS MOOT MOTION
FOR BAIL [DKT. NO. 15], DENYING AS MOOT MOTION TO TAKE
JUDICIAL NOTICE [DKT. NO. 8], AND DISMISSING CASE WITH PREJUDICE**

Because the Court allowed Young to amend his § 2255 motion to incorporate as grounds for relief the same arguments raised in support of his motion for judicial notice, all of which have been considered here, it **DENIES AS MOOT** his motion for judicial notice (Dkt. No. 8).

**C.  Motion for bail**

On August 19, 2019, Young also moved for bail pending final disposition of his § 2255 motion (Dkt. No. 15). Having concluded that Young's § 2255 motion is without merit, the Court further **DENIES AS MOOT** his motion for bail pending resolution of his § 2255 motion (Dkt. No. 15).

## IV. CONCLUSION

For the reasons discussed, the Court:

1.  **DENIES** Young's § 2255 motion (Dkt. No. 9);

2.  **DENIES AS MOOT** Young's motion for judicial notice (Dkt. No. 8);

3.  **DENIES AS MOOT** Young's motion for bail (Dkt. No. 15); and

4.  **DISMISSES** Civil Action Number 1:18cv166 **WITH PREJUDICE**.

It is so **ORDERED**.

**YOUNG v. UNITED STATES**                                     **1:18CV166**
                                                               **1:11CR51-2**
**AMENDED MEMORANDUM OPINION AND ORDER DENYING 28 U.S.C.
§ 2255 MOTION [DKT. NO. 9], DENYING AS MOOT MOTION
FOR BAIL [DKT. NO. 15], DENYING AS MOOT MOTION TO TAKE
JUDICIAL NOTICE [DKT. NO. 8], AND DISMISSING CASE WITH PREJUDICE**

The Court **DIRECTS** the Clerk to enter a separate judgment order in favor of the United States, to transmit a copy of this order to Young by certified mail, return receipt requested, to counsel of record by electronic means, and to strike this case from the Court's active docket.

## V. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" in such cases. If the court denies the certificate, "the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." 28 U.S.C. § 2255(a).

The Court finds it inappropriate to issue a certificate of appealability in this matter because Young has not made a "substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by

**YOUNG v. UNITED STATES** 1:18CV166
1:11CR51-2
**AMENDED MEMORANDUM OPINION AND ORDER DENYING 28 U.S.C.
§ 2255 MOTION [DKT. NO. 9], DENYING AS MOOT MOTION
FOR BAIL [DKT. NO. 15], DENYING AS MOOT MOTION TO TAKE
JUDICIAL NOTICE [DKT. NO. 8], AND DISMISSING CASE WITH PREJUDICE**

the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). Upon review of the record, the Court concludes that Young has failed to make the requisite showing and, therefore, **DENIES** issuing a certificate of appealability.

Dated: July 23, 2021

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE

17